IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60462

Summary Calendar

_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

ROGER WILLIAM SIMS,

                    Defendant-Appellant.


* * * * * * * * * * * * * * * * * * * * * * * * * * * * *


_____

No. 95-60493

Summary Calendar

_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

JACQUELINE JAMES,

                    Defendant-Appellant.


_____

Appeals from the United States District Court
    for the Northern District of Mississippi

_____

November 22, 1996

Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellants Roger William Sims and Jacqueline James appeal the district court's judgment denying their § 2255 motions to vacate.

## I.   BACKGROUND

In 1991, a five-count superseding indictment charged Roger William Sims and Jacqueline James, now federal prisoners, with the following offenses:  conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 3); and use of a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 4).  In Count 5, Sims alone was charged with being a felon in possession of a firearm shipped in interstate commerce, in violation 18 U.S.C. §§ 922(g)(1), 924.  Both Sims and James were convicted of all counts with which they were charged.  The court sentenced Sims to a total of 204 months in prison and 8 years of supervised release

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

and sentenced James to a total of 180 months in prison and 8 years of supervised release.

Sims and James together appealed their convictions and sentences. They both argued that the district court failed to suppress evidence seized pursuant to a warrant and that the evidence of their use of a firearm during a drug-trafficking offense was insufficient. Sims also argued that insufficient evidence existed to prove his possession of the firearm. This court affirmed, finding that even if the affidavit in support of the search warrant was insufficient, "the evidence is clear that the officers executing it were in good faith in their reliance on its validity." Moreover, the existence of a loaded pistol in a dresser, in the same bedroom from which they conducted crack-cocaine transactions, was ruled by this court sufficient to establish the gun's use in drug-trafficking crimes. This court also found sufficient evidence to establish that Sims had constructive possession of the gun.

In 1993, Sims and James filed § 2255 motions to vacate, each alleging twelve nearly identical grounds of relief. The two then added a thirteenth ground; in the amended pleading, Sims began listing both himself and James as movants. Sims then filed an amended § 2255 motion, purportedly on behalf of both himself and James; he listed twenty grounds of relief.[1] The movants then

_____

[1] The movants made the following arguments: (1) A charge under 21 U.S.C. § 845(a), for distribution of drugs to person

3

added a twenty-first claim.[2]  The district court issued a one-page order denying each motion.  The court's discussion reads as follows:

> Having duly considered all aspects of petitioner's motion, the court finds that the claims of petitioner were previously disposed of on direct appeal, or are procedurally barred by failure to raise them at trial and on direct appeal, or are beyond the jurisdiction of the court, and otherwise are totally without merit and should be and are hereby OVERRULED.

Sims and James filed timely notices of appeal.  This is a consolidated appeal from the denial of 28 U.S.C. § 2255 motions

---

under 21, did not correlate with the language in the indictment; (2) the search warrant was wrongfully issued to an unauthorized state officer; (3) the seizure of a footlocker "without adding it to the inventory list" made the footlocker inadmissible; (4) a Mississippi judge was not authorized to issue a warrant "authorizing a federal search"; (5) a Mississippi justice of the peace ("JP") should have fixed a return date on the search warrant; (6) the JP should have kept a copy of the warrant and affidavit; (7) the federal magistrate judge lacked authority to issue "seizure warrants" arising from an illegal search of the footlocker; (8) the DEA could not administratively forfeit property that the state had initially seized; (9-13) the evidence did not support any of the five counts of conviction; (14) Sims's felon-in-possession conviction was invalid because his rights had been restored by the State of Mississippi; (15) the conviction for use of a firearm during a drug-trafficking offense violated the movants' double jeopardy rights; (16) the imposition of a fine upon Sims violated his Eighth Amendment rights; (17) the court sentenced Sims upon an amount of cocaine that was not reasonably foreseeable to him; (18) state and federal officers conspired to encourage witnesses to give false statements against the movants; (19) the movants were denied effective assistance of counsel; and (20) the movants' sentences, based on disproportionate penalties for crack cocaine and powder cocaine offenses, violated the rule of lenity.

[2]  They argued that the administrative forfeiture violated their double jeopardy rights.

filed by Sims and James, who were convicted and sentenced at the same trial.  They raise thirteen points before the court in this action.

## II.  DISCUSSION

### Issue 1:  Sufficiency of the evidence to support convictions for "use" of a firearm

Sims and James argue that there is insufficient evidence to support their convictions for "use" of a firearm during a drug-trafficking offense under 18 U.S.C. § 924(c).  The government concedes that the convictions should be vacated as to this count.  Thus, as to Sims (No. 95-60462), we vacate the district court's Order Overruling Motion and Dismissing Cause insofar as it dismissed Sims's claim in his amended § 2255 motion to vacate his § 924(c) conviction (ground 12), and we remand with instructions to vacate his § 924(c) conviction (Count 4) and to resentence him accordingly.  As to James (No. 95-60493), we vacate the district court's Order Overruling Motion and Dismissing Cause insofar as it dismissed James's claim in her amended § 2255 motion to vacate her § 924(c) conviction (ground 12), and we remand with instructions to vacate her § 924(c) conviction (Count 4) and to resentence her accordingly.  In all other respects, the district court's judgment is affirmed.[3]

---

[3]  Sims and James filed their notices of appeal prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.  The Act amended 28 U.S.C. § 2253 to require a certificate of appealability in an appeal from a final order in a

***Issue 2: Double Jeopardy claim***

Pursuant to 21 U.S.C. § 881, the government seized property from the residence where drug activity occurred. The administrative procedure was uncontested, and the property was forfeited. Sims and James argue that the forfeited property belonged to them, that the forfeiture constitutes punishment, and that their convictions on drug-related charges violates the Double Jeopardy Clause. This claim is without merit. The Supreme Court recently held that a forfeiture under 21 U.S.C. § 881 is civil in nature and is an in rem proceeding; "in rem civil forfeitures are neither `punishment' nor criminal for purposes of the Double Jeopardy Clause." *See United States v. Ursery*, 116 S. Ct. 2135, 2147-49 (1996). Sims and James complain that they received no notice of the proceeding. This is irrelevant to a claim of double jeopardy because they were not parties to the proceeding. *See United States v. Arreola-Ramos*, 60 F.3d 188, 190 (5th Cir. 1995). Finally, Sims and James contend that because civil forfeiture is punishment and they were punished again, "it also violates the Excessive Fine Clause under the Eighth Amendment." Having rejected their double jeopardy arguments, this argument has no merit.

---

§ 2255 action. Assuming without deciding that such a certificate is required in this appeal, in view of the government's concession regarding the convictions for use of a firearm, we grant the certificate.

*Issue 3:  Seizure of footlocker*

Sims and James argue that during the search of their residence, the officers found a key in a jacket pocket to a double-locked footlocker.  The officers opened the footlocker and seized its contents, including cash and jewelry.  Sims and James discovered after the trial that the footlocker was not put on the inventory list of things seized from the premises.  Sims and James argue that the search of the footlocker was illegal and thus its contents were inadmissible as "fruits of the poison tree."  Sims and James also assert that their trial attorneys were ineffective for failing to make this objection at trial.

The only authority Sims and James cite for their inventory list claim is *Vance v. United States*, 676 F.2d 183 (5th Cir. 1982).  In *Vance*, officers impounded and inventoried the contents of a van.  *Id.* at 184.  Four days later, the van was searched again, without a warrant.  *Id.* at 185.  This court held that the second search was unlawful.  *Id.* at 187.  Sims and James's argument is without merit because *Vance* in no way supports the proposition that every container inside a house searched pursuant to a valid warrant must be included on an inventory list.  At most, this is a ministerial defect in the return of a warrant and does not invalidate the search.  *See United States v. Diecidue*, 603 F.2d 535, 562 (5th Cir. 1979), *cert. denied*, 445 U.S. 946, *and cert. denied*, 446 U.S. 912 (1980)*; see also United States v.*

7

*Giwa*, 831 F.2d 538, 543-44 (5th Cir. 1987) (noting that in general, "any container situated within residential premises which is the subject of a validly-issued warrant may be searched if it is reasonable to believe that the container could conceal items of the kind portrayed in the warrant" (quoting *United States v. Gray*, 814 F.2d 49, 51 (1st Cir. 1987))).

To prevail on their claim for ineffective assistance of counsel, Sims and James must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the evidence was legally seized, trial counsels' performance was not deficient.

**Issue 4: Ineffective assistance of counsel for failure to file motions for new trial based on perjured testimony**

Sims and James contend that their attorneys were ineffective by failing to object to the prosecution's use of the testimony of a confidential informant, Lucy Cook, that was "false and contradictory" to that of another witness. They argue that Cook falsely testified that she bought crack cocaine from Sims rather than from a third defendant, Randy James, thus providing the only basis for Sims's cocaine-distribution convictions. They rely on an affidavit completed by Cook. Although they do not specifically state that the perjured testimony was given with actual knowledge by the prosecutor, they argue that "the

8

prosecution knew or should have known about the fa[l]se testimony."

A conviction obtained by the knowing use of perjured testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the testimony could have affected the jury's judgment. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). To prevail on a claim that the prosecution used perjured testimony, a movant must show that "(1) the statements were actually false; (2) the state knew they were false; and (3) the statements were material, i.e., a highly significant factor reasonably likely to have affected the jury's verdict." *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S. Ct. 671 (1994).

In Cooks' affidavit, purportedly signed on May 5, 1993, she attests that "at the time before and during trial, [she] was mental[ly] incompetent due [to] the fact that [she] was heavy [sic] addicted to cocaine," that she would "mostly do anything" to get money to satisfy her addiction, and that she lied at trial about buying crack from Sims in return form $100. This court recently reiterated that "recanting affidavits and witnesses are viewed with extreme suspicion." *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996) (internal quotation omitted), *petition for cert. filed* (Aug. 5, 1996) (No. 96-5498).

9

The jury rendered its verdict on November 1, 1991. Sims and James do not suggest that their attorneys actually knew that Cook's testimony was perjured at that time. Although a motion for new trial based on newly discovered evidence may be made "only before or within two years after final judgment," FED. R. CRIM. P. 33, the movants fail even to allege that the attorneys should have known about Cook's recantation within this period. They have not established that the attorneys' performance was deficient in this respect.

**Issue 5:  Failure of federal judge to issue search warrant**

Sims and James argue that the evidence seized from the James home was inadmissible because the search warrant was issued by a state justice of the peace, who was not a "court of record" under FED. R. CRIM. P. 41(a). This argument is meritless. As we held en banc in *United States v. McKeever*, 905 F.2d 829, 833 (5th Cir. 1990), Rule 41 "only applies to warrants issued 'upon the request of a federal law enforcement officer'" and thus the "'state court of record' requirement . . . has no application to the warrant issued in this case." Because the warrant in this case was not requested by federal law enforcement officers, Rule 41 does not apply. Sims and James allege ineffective assistance of counsel based on the failure to make this argument; however, because the argument is without merit, trial counsels were not deficient for failing to advance the argument.

***Issue 6: Failure of state judge to affix return date on warrant***

Sims and James contend that the warrant was invalid because the state justice of the peace failed to affix a return date on the face of the warrant, as is alleged to be required by a Mississippi statute. The question, however, is not whether the search is valid under state law, but whether it is valid under the Fourth Amendment. *United States v. Walker*, 960 F.2d 409, 415 (5th Cir.), *cert. denied*, 113 S. Ct. 443 (1992). We have previously held that defects in the return of a warrant are ministerial and thus do not invalidate a search. *Diecidue*, 603 F.2d at 562. Thus, Sims and James's claim is without merit. Sims and James allege ineffective assistance of counsel based on the failure to make this argument; however, because the argument is meritless, their trial attorneys were not deficient for failing to advance it.

***Issue 7: Sufficiency of the evidence to support Sims's firearms convictions***

Sims argues that the government failed to prove that he was "in possession" of the gun found in the James house so as to convict of him of the firearms counts. This claim was argued on direct appeal and resolved against Sims. "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118 (1986).

11

***Issue 8:   Restoration of rights claim***

Sims contends that his felon-in-possession conviction under 18 U.S.C. § 924(g) was invalid because his rights "to vote and run for any public office was [sic] restored [to him] in 1987," upon his release from state prison.  He argues that his right to bear firearms was not explicitly revoked.  He asserts that counsel was ineffective for failing to raise this argument.  At trial, Sims, through counsel, stipulated that he had previously been convicted of a felony at the time of the instant offense.

Section 922(g) makes it illegal for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm . . . ."  Section 921(a)(20) explains that

> [w]hat constitutes a conviction of such a crime shall
> be determined in accordance with the law of the
> jurisdiction in which the proceedings were held.  Any
> conviction which has been expunged, or set aside or for
> which a person has been pardoned *or has had civil
> rights restored* shall not be considered a conviction
> for purposes of this chapter, unless such pardon,
> expungement, or restoration of civil rights expressly
> provides that the person may not ship, transport,
> possess, or receive firearms.

(emphasis added).  In *United States v. Thomas*, 991 F.2d 206 (5th Cir.), *cert. denied*, 510 U.S. 1014 (1993), this court adopted the reasoning of the Seventh Circuit in concluding that

> "[i]f the state sends the felon a piece of paper [or
> certificate] implying that he is no longer 'convicted'
> and that *all* civil rights have been restored, a
> reservation in the corner of the state's penal code can

12

> not be the basis of a federal prosecution.  A state
> must tell the felon that [firearms] are not kosher."

*Id.* at 213 (alterations in original) (quoting *United States v. Erwin*, 902 F.2d 510, 512-13 (7th Cir.), *cert. denied*, 498 U.S. 859 (1990)).  In contrast to the situation described in *Thomas*, Sims was not told that all or substantially all of his civil rights had been restored.  Instead, he was told that "[t]he right of suffrage is hereby fully and completely restored to Roger Sims."  Furthermore, Mississippi specifically prohibits a convicted felon from possessing firearms without being granted a certificate of rehabilitation after a court has determined, *inter alia*, that the person is not "likely to act in a manner dangerous to public safety."  MISS. CODE ANN. § 97-37-5.  The record does not indicate, and Sims does not allege, that he has ever even requested such a certificate.  Thus, Sims's conviction for being a felon in possession of a firearm was not erroneous, and his attorney was not deficient for failing to object on this basis.

**Issue 9:  *Seizure of property by the DEA***

Sims and James contend that the DEA's seizure (and subsequent civil forfeiture) of property from them was illegal because the State of Mississippi "never relinquished" the property to the agency.  This issue is not constitutional and could have been raised on direct appeal, and thus it is outside the scope of § 2255.  *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *see also Dawkins v. United States*, 883 F.

13

Supp. 83, 85 (E.D. Va.) ("[A] federal court may only consider a § 2255 petition that challenges custody under a federal criminal conviction or sentence. Nowhere does the statute authorize collateral attacks on civil administrative forfeitures . . . . These proceedings . . . were entirely civil in nature . . .; thus, the forfeitures fall outside the recognized scope of [§ 2255]."), *aff'd*, 67 F.3d 297 (4th Cir. 1995) (table).

**Issue 10: Eighth Amendment claim for imposition of fine**

Sims contends that the trial court violated his Eighth Amendment rights by fining him $15,000 without determining his ability to pay. This claim is not cognizable in a § 2255 motion. *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994).

**Issue 11: Sentencing based upon allegedly unforeseeable amount of cocaine**

Sims contends that he was sentenced based upon an amount of cocaine that was not "reasonably foreseeable" to him. Sims is barred from raising this claim under § 2255 because it could have been raised on direct appeal but was not. *Vaughn*, 955 F.2d at 368.[4]

**Issue 12: Rule of lenity regarding penalty disparity between crack cocaine and powder cocaine**

---

[4] In his reply brief, Sims asserts that his trial counsel was ineffective for failing to make this argument at trial. We do not consider arguments made for the first time in a reply brief. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir.), *cert. denied*, 115 S. Ct. 189 (1994).

Sims and James contend that their sentences based on the penalties for cocaine base were erroneous under the rule of lenity, because cocaine base draws penalties that are 100 times more stringent than powder cocaine, although the two are essentially the same substance. This court has recently rejected this very argument. *See United States v. Flanagan*, 87 F.3d 121, 123-24 (5th Cir. 1996). Thus, this contention is without merit.

**Issue 13: Ineffective assistance of counsel**

Sims and James allege that their respective attorneys performed ineffectively "throughout their representation." They include a litany of alleged inadequacies, such as the attorneys' alleged failure "to investigate and interview witnesses," "to request state preliminary hearing," "to file a reply brief," and "to cross-examine the witnesses at the suppression hearings." They argue that the district court should have held an evidentiary hearing on these claims.

As set forth in their appellate brief, Sims and James's ineffective-assistance claims are conclusional. Courts "must indulge a strong presumption" that the challenged action of counsel might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Sims and James have the burden to overcome that presumption. *Id.* An ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief. *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir.), *cert. denied*, 506

15

U.S. 957 (1992).  Sims and James's ineffective-assistance claims are little more than a laundry list of supposed misdeeds and omissions, without explanation of how such misdeeds constituted deficient performance or how they were prejudiced by them.  Thus, they have not met their burden of overcoming the strong presumption that their attorneys were competent.

### III.  CONCLUSION

Thus, as to Sims (No. 95-60462), we VACATE the district court's Order Overruling Motion and Dismissing Cause insofar as it dismissed Sims's claim in his amended § 2255 motion to vacate his § 924(c) conviction (ground 12), and we REMAND WITH INSTRUCTIONS to vacate his § 924(c) conviction (Count 4) and to resentence him accordingly.  As to James (No. 95-60493), we VACATE the district court's Order Overruling Motion and Dismissing Cause insofar as it dismissed James's claim in her amended § 2255 motion to vacate her § 924(c) conviction (ground 12), and we REMAND WITH INSTRUCTIONS to vacate her § 924(c) conviction (Count 4) and to resentence her accordingly.  In all other aspects, the district court's orders are AFFIRMED.